Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7174 | DATE | APRIL 21, 2004 |
| CASE TITLE | DANIEL NELSEN v. WALDO MORRIS, an individual | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for May 12, 2004 at 11:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/reset for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/reset for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss pursuant to Rule 12(b)(2) [4-1] is denied. Within 10 days, defendant shall answer the complaint. All discovery is to be completed by August 3, 2004.

(11) ■ [For further detail see attached MEMORANDUM OPINION AND ORDER.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | 2 | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 22 2004 date docketed | 16 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/21/2004 | |
| cw | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mqm mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

APR 2 2 2004

DANIEL NELSEN, )
)
        Plaintiff, )
)
v. ) No. 03 C 7174
)
WALDO MORRIS, an individual, )
)
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Nelsen, an Illinois resident, alleges that he lost money investing in limited liability companies ("LLC's") that leased aircraft. Plaintiff alleges that defendant Waldo Morris, an Iowa resident, caused these losses by breaching his fiduciary duty as a managing member of the LLC's and by committing fraud in order to induce plaintiff's investment. There is complete diversity of citizenship and the amount in controversy exceeds $75,000. Defendant has moved to dismiss based on lack of personal jurisdiction.

The burden is on plaintiff to show that personal jurisdiction over defendant is proper. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003); Steel Warehouse of Wisconsin, Inc. v. Leach, 154 F.3d 712, 714 (7th Cir. 1998); Chen v. Quark Biotech, Inc., 2003 WL

22995163 *1 (N.D. Ill. Dec. 15, 2003). For purposes of ruling on the question of personal jurisdiction, all uncontroverted facts alleged by plaintiff, all facts adequately supported by any affidavit or other evidence submitted by plaintiff, and all uncontroverted facts supported by defendant's affidavits or documentary submissions are assumed to be true. See Purdue Research, 338 F.3d at 782-83; McIlwee v. ADM Industries, Inc., 17 F.3d 222, 223 (7th Cir. 1994); Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal, 859 F.2d 1302, 1306 n.7 (7th Cir. 1988); Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987). The parties were permitted to engage in discovery prior to completing briefing on defendant's motion. However, since the ruling on personal jurisdiction is being made on written submissions, not following an evidentiary hearing, plaintiff is only required to make a prima facie showing in support of his claimed basis for personal jurisdiction. Purdue Research, 338 F.3d at 782-83.

According to the allegations of the complaint, defendant was the managing member of two LLC's known as Interlease IV and Interlease V. Both LLC's were in the business of leasing aircraft that were owned by the LLC's. Plaintiff was a 25% member of Interlease IV and a 5% member of Interlease V. Plaintiff allegedly loaned Interlease V $1,000,000 in return for a promissory note secured by an aircraft, but later relinquished the note for his 5% share of Interlease V. Plaintiff allegedly invested another $1,000,000 and also personally guaranteed a $5,800,000 loan as part of his purchase price for his interest in Interlease IV. Defendant allegedly used the loan proceeds to pay

off debts defendant would have otherwise owed.  Also, defendant allegedly intermingled funds among various LLC's and used some funds for his own benefit.  After the foreclosure on the loan, defendant allegedly improperly purchased one of the aircraft that had been security.  Plaintiff lost his $2,000,000 investment and, based on the personal guaranty, was required to pay $1,451,250 in principal plus $92,940 interest and incurred $46,060 in attorney fees.

In response to defendant's pending motion, plaintiff does not contend that defendant directly solicited the investments from him.  Instead, plaintiff contends that the LLC's themselves were based in Illinois and that defendant conducted his business through the LLC's and through an agent, Phil Coleman, who was the one who directly solicited plaintiff.  Defendant does not dispute that the LLC's are based in Illinois[1] and that the LLC's themselves engaged in conduct that would be a basis for personal jurisdiction in Illinois.  Defendant does not provide evidence disputing the allegations of the complaint that he commingled funds among the various LLC's or that he used assets for his personal benefit.[2]  Therefore, these allegations must be taken as true for purposes of ruling on the motion to dismiss.  Plaintiff provides evidence supporting that defendant participated in managing and directing the activities of the LLC's.

---

[1] Although operating in Illinois, the LLC's are organized under the laws of Iowa.

[2] On a personal jurisdiction motion, the substantive allegations of the complaint are generally taken as true.  See Chen, 2003 WL 22995163 at *5 n.4.

Since there is no dispute regarding the activity of the LLC's being a basis for exercising jurisdiction in Illinois, it is unnecessary to detail the general rules regarding exercising personal jurisdiction. See generally Hyatt International Corp. v. Coco, 302 F.3d 707, 713-17 (7th Cir. 2002); YKK USA, Inc. v. Baron, 976 F. Supp. 743, 745-47 (N.D. Ill. 1997). The LLC's were doing business in Illinois, which would subject them to general jurisdiction in Illinois, even as to cases that do not arise from the particular contacts in Illinois. See Hyatt, 302 F.3d at 713. To the extent the conduct of the LLC's is attributable to defendant, he would also be amenable to suit in Illinois on any claim. Under the "fiduciary shield" doctrine, however, an individual's acts performed in a representative capacity generally will not be a basis for exercising jurisdiction over the individual. YKK, 976 F. Supp. at 747. One exception to the fiduciary shield doctrine, however, is the "sham" or "alter ego" exception. "This exception is applicable 'where the plaintiff seeks to pierce the corporate veil by alleging that the corporation was a mere shell utilized by the individual defendant for his own personal benefit.'" Id. (quoting Torco Oil Co. v. Innovative Thermal Corp., 730 F. Supp. 126, 135-136 (N.D. Ill. 1989)). "If the 'alter ego' exception is applicable, the corporation's contacts are attributed to the individual for the purposes of personal jurisdiction determination." Id.

Defendant contends that plaintiff cannot rely on this theory because no alter ego, sham, or corporate piercing

allegations are contained in the complaint. The complaint only contains allegations of direct liability on defendant's part. However, here plaintiff is relying on general jurisdiction. The basis for exercising personal jurisdiction, therefore, need not be the same as the breach of fiduciary duty and fraud claims contained in the complaint. Additionally, although the alter ego exception to the fiduciary shield doctrine and piercing the corporate veil for liability purposes are similar concepts, they have differing elements and distinct purposes. See YKK, 976 F. Supp. at 747; Torco, 730 F. Supp. at 136. Plaintiff may raise the alter ego doctrine even though he has not alleged a piercing the corporate veil allegation in his complaint.

In response to the motion to dismiss, plaintiff need only make a "minimally viable" showing that the LLC's are a sham. YKK, 976 F. Supp. at 747 (quoting Torco, 730 F. Supp. at 136). It is enough to show that the allegations are not "patently without merit." Torco, 730 F. Supp. at 136; Van Ru Credit Corp. v. Professional Brokerage Consultants, Inc., 2003 WL 22462607 *2 (N.D. Ill. Oct. 29, 2003). The alter ego rules applicable to LLC's are generally the same as those for corporations. See Iowa Code § 490A.603(2) (personal liability of LLC member is same as that of a corporate shareholder except that failure to observe formalities as to meetings is not a consideration). See also Kaycee Land & Livestock v. Flahive, 46 P.3d 323, 327-28 (Wyo. 2002); Hollowell v. Orleans Regional Hospital LLC, 217 F.3d 379, 385 (5th Cir. 2000). Here, it must be taken as true that funds of the various LLC's were commingled,

that Interlease IV became insolvent in that the guarantors had to pay off the outstanding balance of its loan, and that defendant used LLC funds for his own benefit. There is also evidence that defendant managed and/or directed activities of the LLC's. It cannot be held that plaintiff's alter ego theory is not viable. Cf. Torco, 730 F. Supp. at 137-39. Therefore, the conduct of the LLC's is attributable to defendant for personal jurisdiction purposes and, at this stage of the proceedings, it is appropriate to continue to exercise personal jurisdiction over defendant. Because personal jurisdiction is being upheld on this basis, it is unnecessary to consider whether the fiduciary shield doctrine should not apply because defendant was acting in his own interest instead of the interests of the LLC's and whether, on that basis, it would be appropriate to exercise general and/or specific personal jurisdiction.

IT IS THEREFORE ORDERED that defendant's motion to dismiss pursuant to Rule 12(b)(2) [4-1] is denied. Within 10 days, defendant shall answer the complaint. All discovery is to be completed by August 3, 2004. A status hearing will be held on May 12, 2004 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: APRIL 21, 2004